M. ELLA EDWARDS v. EDWARD M. EDWARDS.

*Fraud in sale of chattels—Delivery—Mortgage.*

1. A sale of chattels by a debtor cannot be impeached for want of delivery if they are already under the purchaser's control, as *e. g.* where the debtor is the purchaser's son-in-law and is indebted to him, and the chattels are in a building belonging to the purchaser's wife and to which he has the key.

2. It is error to submit the question whether a bill of sale was meant as a chattel mortgage if there is no evidence tending to show it.

3. Fraud is never to be presumed but must be found.

Error to Berrien.  (A. J. Smith, J.)  April 10.—April 30.

TROVER.  Defendant brings error.  Reversed.

*A. H. Potter* and *Clapp & Bridgman* for appellant.

*Lawrence C. Fyfe* and *N. A. Hamilton* for appellee.

SHERWOOD, J.   This action is trover, brought by the plaintiff to recover for the value of a quantity of personal property consisting of knitting machinery, which she alleges was converted by the defendant, who was the father of her husband.   Plea, general issue.

The deceased at the time of his death was engaged in running a knitting factory at St. Joseph, in this State.   His father had previously furnished him with money to commence business in Chicago.   Making a failure there he returned to St. Joseph.   The son again desired to start in business in St. Joseph, and the father, to enable him to do so, purchased and gave to him five machines for that purpose.   After he commenced running the business, he borrowed of his father from time to time large amounts of money to carry it on.   The father took a note from the son, dated September 1, 1881, for the sum of $1588.42, it being for part of the money loaned.   The machinery was operated in a building belonging to the defendant's wife.   The defendant had the key to the building, and was much of the time in and about the same.   On the 18th day of March, 1882, the son sold to the defendant the property mentioned in the declaration for the sum of $1561, and made a bill of sale thereof to the defendant, the amount of which was endorsed upon the note the same day.   The son's books, kept by himself, were introduced in evidence, which showed that on the 9th day of May, 1881, there was due the defendant $1561.42; and it was further shown that the son borrowed of the defendant after September, 1879, at different times, moneys amounting to the sum of $1775; and further that the son, before his death, admitted that this amount did not cover the sums the defendant had lent him.   These facts were not controverted.   Under the charge of the court the plaintiff had judgment for the sum of $1207, and the defendant brings error.

The only exceptions are to the charge of the court.   On the part of the plaintiff it was contended that the sale of the property in question from the son to the father was void, because—*first*, there was no valid consideration for the bill

of sale; *second,* the bill of sale constituted a preference which the son, being insolvent at the time, could not make legally.

It is unnecessary to consider the second point, as the circuit judge sustained the position of defendant's counsel taken in his request to charge upon that subject.

Upon the first point we have examined the record carefully, and fail to discover any fraud of any kind committed by either the father or the son in the transaction complained of. The plaintiff was not a creditor of her husband ; neither had she, as disclosed by the record, any separate property of her own. When the father had received the property mentioned in the plaintiff's declaration the son was still owing him considerable amounts of money, aside from what the father had given him. When the bill of sale was made, all the possession which could be delivered of the property by the vendor was taken by the vendee ; in fact it was in the building of the defendant's wife and of which the defendant had control, he holding the keys to the same. Certainly the case cannot be made to fall within the Statute of Frauds, referred to by counsel for plaintiff. This is the only ground relied on for recovery.

Fraud will not be presumed but must be found. It is true that when certain facts are found to exist, the law will prima facie deem the transaction fraudulent; but we do not find them in the evidence in this case.

The circuit judge submitted the case to the jury upon the theory that testimony had been given tending to prove such facts. Under this theory the circuit judge submitted to the jury the question whether or not the bill of sale was intended as security or a sale absolute. This should not have been done. There was no evidence in the case tending to show the bill of sale was intended as security. The transfer of the note by defendant to his wife, and the retransfer to him, was of no materiality in the case. The real consideration for the note and for the bill of sale was substantially undisputed, and the case does not show any fraud or intention to defraud,

or evidence tending in that direction; and such being the fact the case should not have been submitted to the jury.

The judgment must be reversed and a new trial granted.

The other Justices concurred.